O

# United States District Court
# Central District of California

| | |
|---|---|
| HILDA CORTEZ,<br><br>           Plaintiff,<br><br>    v.<br><br>NISSAN NORTH AMERICA, INC. et al.,<br><br>           Defendants. | Case № 2:24-cv-05909-ODW (PDx)<br><br>**ORDER DENYING MOTION TO REMAND AND MOTION FOR LEAVE TO AMEND [12]** |

## I.  INTRODUCTION

On November 9, 2023, Plaintiff Hilda Cortez initiated this action against Defendant Nissan North America, Inc. ("Nissan") for violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") in the Superior Court of California. (Decl. Stephen H. Dye ("Dye Decl. NOR") ISO Notice Removal ("NOR") Ex. 1 ("Complaint" or "Compl."), ECF Nos. 1 to 1-2.)  On July 12, 2024, Nissan removed this action to federal court based on diversity jurisdiction. (NOR ¶ 11.)  Plaintiff now moves to remand and for leave to amend her Complaint to add Gardena Nissan, Inc. ("Gardena Nissan") as a defendant. (Mot. Remand & Amend ("Motion" or "Mot."), ECF No. 12.)  For the reasons below, the Court **DENIES** Plaintiff's Motion.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

On or about February 23, 2022, Cortez purchased a 2022 Nissan Frontier (the "Vehicle"). (Compl. ¶ 5.) As part of the transaction, Nissan gave Cortez an express written warranty, providing, among other things, that Cortez could deliver the Vehicle for repair to a repair shop in the event the Vehicle developed a defect during the warranty period. (*Id.* ¶ 9.) Cortez alleges that during the warranty period, the Vehicle developed defects, including a defective engine, transmission system, and body system. (*Id.* ¶ 11.) Cortez further alleges that she provided Nissan "sufficient opportunity to service or repair the Vehicle," but Nissan "was unable and/or failed to" do so "within a reasonable number of attempts." (*Id.* ¶¶ 13–14.)

On November 9, 2023, Cortez filed this suit in the Superior Court of the State of California, County of Los Angeles. (Compl.) In her Complaint, Cortez asserts five causes of action alleging that Nissan breached express and implied warranties in violation of the Song-Beverly Act. (*Id.* ¶¶ 18–40.) As relief, Cortez requests (1) actual damages, (2) restitution, (3) a civil penalty in the amount of two times her actual damages pursuant to the Song-Beverly Act; (4) consequential and incidental damages; (5) costs and attorneys' fees; and (6) prejudgment interest. (*Id.*, Prayer.)

Nissan removed this action to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). (NOR ¶ 11.) Cortez now moves to remand this action to Los Angeles County Superior Court for untimely removal. (Mem. P. & A. ISO Mot. ("Mem. Mot.") 12–13, ECF No. 12-1.) Cortez also seeks to amend her Complaint and add a negligent repair claim against a new nondiverse defendant, Gardena Nissan. (*Id.* at 18–24; Proposed First Am. Compl. ("Proposed FAC") ¶¶ 4, 42–47, ECF No. 12-6.) The Motion is fully briefed. (Opp'n Mot. ("Opp'n" or "Opposition"), ECF No. 13; Reply ISO Mot. ("Reply"), ECF No. 16.)

The Court ordered Nissan to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Min. Order, ECF No. 21.) On November 11, 2024, Nissan responded and submitted additional support for its contention that the

amount in controversy in this case exceeds $75,000. (Resp., ECF No. 22.) Nissan submitted evidence that, after it removed the case to this Court, Cortez offered to settle this action for $145,000, excluding attorneys' fees. (Decl. Stephen H. Dye ISO Resp. ("Dye Decl. Resp.") Ex. 5, ECF No. 22-6.) Nissan responded with an offer to settle for $75,495, excluding attorneys' fees, which expired without Cortez accepting the offer. (Dye Decl. Resp. Ex. 6 ¶ 2, ECF No. 22-7.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

### IV. DISCUSSION

The parties agree that the requirements for diversity jurisdiction existed at the time Nissan removed the case to this Court. (*See* Mem. Mot. 7, ECF No. 12-1; NOR

¶ 11.) There is complete diversity because Cortez is a California resident, and Nissan is a Delaware corporation with its principal place of business in Tennessee. (Compl. 2–3; NOR ¶¶ 12–14.) And the amount in controversy exceeds $75,000. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Therefore, the Court **DISCHARGES** its order to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Min. Order, ECF No. 21.)

Cortez challenges removal on two grounds. First, Cortez argues that Nissan's removal, which came 208 days after she first served Nissan with the Complaint, was untimely. (Mem. Mot. 11–17.) Second, even if Nissan's removal was timely, Cortez seeks to amend her Complaint to add Gardena Nissan, the authorized Nissan dealership which serviced Cortez's Vehicle and a California corporation, as a defendant. (*Id.* at 7–8, 18–24.) Such amendment, if permitted, would destroy diversity and divest this Court of subject matter jurisdiction. *See* 28 U.S.C. § 1447(e).

**A.      Motion to Remand**

Nissan did not remove the case within thirty days of receiving Cortez's Complaint. (*See* NOR ¶ 6.) Nissan alleges, however, that it first became aware that the amount in controversy exceeds $75,000 after it independently obtained and reviewed the Vehicle's Retail Sales Installment Contract ("RISC") (reflecting a purchase price of $69,995) and repair orders. (NOR ¶ 7; Opp'n 7–8.) Cortez counters that Nissan's removal was untimely because it was facially apparent in the Complaint that the amount in controversy exceeds $75,000, (Mem. Mot. 13–16), and Nissan's Notice of Removal is deficient because it did not identify the date it reviewed the RISC, (*id.* at 16–17).

Section 1446(b) identifies two thirty-day periods for removing a case. "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885

(9th Cir. 2010) (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting 28 U.S.C. § 1446(b)). The Ninth Circuit has held that a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Cortez's argument that her "initial pleading makes clear that the amount in controversy would well exceed the $75,000.00 minimum" fails. (Mem. Mot. 14.) In her Complaint, Cortez alleges that she purchased a 2022 Nissan Frontier. (Compl. ¶ 5.) She seeks actual damages, restitution, civil penalty in the amount of two times her actual damages, consequential and incidental damages, reasonable attorneys' fees, and prejudgment interest; and alleges that "[t]he total amount paid and payable, incidental and consequential damages and civil penalties exceeds $25,000." (*Id.* ¶ 6, Prayer for Relief.) Even assuming *arguendo* that Nissan's estimation of $40,000 for attorneys' fees can be credited, (NOR ¶ 27), the amount in controversy clear on the face of the Complaint would be $65,000—below the threshold for diversity jurisdiction.

Notice of removability "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Therefore, the Court rejects Cortez's argument that Nissan's "duty to multiply figures clearly stated in the complaint" resulted in a complaint with a clear amount in controversy exceeding $75,000. (Reply 3); *see, e.g., Gonzalez v. Nissan N. Am., Inc.*, No. 2:24-cv-01301-WLH (MARx), 2024 WL 2782102, at *2 (C.D. Cal. May 29, 2024) (collecting cases) (denying motion to remand for untimeliness because the fact "[t]hat the caption page stated that the amount in controversy 'exceeds $25,000' is not

sufficient to trigger the first removal deadline, and no other amount in controversy allegations otherwise appear in the complaint"); *Holdings v. Ford Motor Co.*, No. 5:21-cv-02172-SVW (SHKx), 2022 WL 2235815, at *2 (C.D. Cal. Feb. 22, 2022) (denying motion to remand and rejecting the "argument that Defendant was given notice by the case caption page indicating that damages exceeded $25,000" because "Defendants need not make extrapolations or engage in guesswork to determine the basis for removability" (cleaned up)).

Additionally, the Court does not find Nissan's Notice of Removal deficient on Cortez's proposed basis that it does not identify when Nissan reviewed the RISC. (Mem. Mot. 16–17.) Nissan asserts that it "first became apprised of the amount in controversy" after it concluded an investigation on July 5, 2024. (NOR ¶ 4; *see* Decl. Stephen H. Dye ISO Opp'n ("Dye Decl. Opp'n) ¶ 5, ECF No. 13-1.) A defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1126. Therefore, it is irrelevant when Nissan reviewed the RISC, so long as Nissan did so as part of its own investigation and Cortez did not previously provide Nissan with the RISC. *See Gonzalez*, 2024 WL 2782102, at *3 (citing 28 U.S.C. § 1446(b)(1)–(3)). That Nissan should have first reviewed the RISC as part of fulfilling its discovery obligations, does not alter this conclusion. 28 U.S.C. § 1446(b)(3) (stating that a defendant may file a notice of removal "within 30 days after *receipt* by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable" (emphasis added)).

Accordingly, the Court finds Nissan's removal was timely and not deficient.

### B. Motion to Amend

Cortez also seeks to amend her Complaint to add a negligent repair claim against a new defendant, Gardena Nissan, which would destroy diversity. Courts have discretion under § 1447(e) to allow or deny the joinder of defendants who would

destroy subject matter jurisdiction after a removal. 28 U.S.C. § 1447(e). Courts consider whether: (1) "the party sought to be joined is needed for just adjudication and would be joined under [Federal Rule of Civil Procedure ("Rule") 19(a)]"; (2) "the statute of limitations would preclude an original action against the new defendants in state court"; (3) "there has been unexplained delay in requesting joinder"; (4) "joinder is intended solely to defeat federal jurisdiction"; (5) "the claims against the new defendant appear valid"; and (6) "denial of joinder will prejudice the plaintiff." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

    1.    *Necessary Parties Under Rule 19(a)*

Rule 19(a) requires the joinder of parties whose absence would preclude the grant of complete relief, impede their ability to protect their interests, or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a). Congress gave courts broad discretion to deny or permit joinder under § 1447(e), and the more restrictive Rule 19 does not control the decision in such cases. *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989). However, whether a party would be considered necessary under Rule 19 is still one factor that courts consider when deciding whether to allow such joinders. *IBC Aviation*, 125 F. Supp. 2d at 1011–12. This factor weighs in favor of joinder when a failure to join will lead to separate and redundant actions, and it weighs against joinder when the new defendant(s) are only tangentially related to the cause of action or would not prevent complete relief. *Id.*

Cortez seeks to bring a negligent repair claim against Gardena Nissan. (Proposed FAC ¶¶ 42–47.) Nissan argues that joinder is unnecessary because Cortez can recover from Nissan, even in the absence of Gardena Nissan, and Cortez can recover from Gardena Nissan, even if Nissan is found not liable for the claims asserted against it. (Opp'n 10.) However, Cortez's negligent repair claim against

Gardena Nissan "involves the same vehicle, the same alleged defects, and the same protracted, ultimately unsuccessful attempts to repair the Vehicle." (Decl. Vanessa J. Oliva ISO Mot. ("Oliva Decl.") ¶ 16, ECF No. 12-2.) If the Court denies joinder in this action, Cortez's pursuit of a separate litigation against Gardena Nissan in state court could lead to separate and redundant actions and risk inconsistent rulings. *See Malijen v. Ford Motor Co.*, No. 5:20-cv-01217-JGB (KKx), 2020 WL 5934298, at *2 (C.D. Cal. Aug. 20, 2020) (finding this factor weighs in favor of joinder where plaintiff's "claims for relief arise out of the same vehicle and the same alleged defects in that vehicle, and the resolution of [p]laintiff's claim will require many of the same documents and witnesses and will implicate many of the same factual and legal issues" (alterations omitted)). Therefore, the Court joins other courts in finding that, "under these circumstances, and in light of the less restrictive standard for amendment under § 1447(e) than for joinder under Rule 19," Gardena Nissan is a necessary party for purposes of the § 1447(e) analysis. *Reyes v. FCA US LLC*, No. 120CV00833DADSKO, 2020 WL 7224286, at *5 (E.D. Cal. Dec. 8, 2020) (internal quotation marks omitted). Accordingly, this factor weighs in favor of joinder.

### 2. *Statute of Limitations*

If a plaintiff could file an action against the joined defendant in state court because the statute of limitations has not expired, then there is less reason to permit joinder under § 1447(e). *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Both parties agree that Cortez's claim against Gardena Nissan is not barred by the statute of limitations. (Mot. 20; Opp'n 10.) Therefore, this factor weighs against joinder.

### 3. *Unexplained Delay*

Next, "courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. To support this analysis, courts look at the amount of time that has passed since the filing of the complaint and removal, the

progress of the case, and the amount of time that has passed since the opposing counsel refused to stipulate to the proposed amendment. *See Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 834–35 (C.D. Cal. 2023) (considering time elapsed since removal); *Waring v. Geodis Logistics LLC*, No. 2:19-cv-04415-GW (KSx), 2019 WL 3424955, at *4 (C.D. Cal. July 29, 2019) (considering time passed since the filing of the complaint). Courts also consider whether the amending party has adequately explained why they waited until after removal to join a diversity-destroying defendant. *Waring*, 2019 WL 3424955, at *4. Under § 1447(e), courts have discretion "to deny joinder of a diversity-destroying party whose identity was ascertainable and thus could have been named in the first complaint." *Khachunts*, 682 F. Supp. 3d at 835.

Cortez filed her complaint on November 9, 2023. (Compl.) Nissan removed on July 12, 2024. (NOR.) Cortez moved to amend on August 12, 2024, more than nine months after she filed the Complaint and a month after Nissan removed to federal court. (Mot.) Cortez asserts that her amendment is timely because her allegations against Gardena Nissan "at least partially arose" after the filing of the Complaint. (Reply 8.) In a pair of declarations, Cortez's counsel states that Cortez took the Vehicle to Gardena Nissan for repairs at least four times, the last of which began on June 20, 2024, and closed on August 10, 2024. (Oliva Decl. ¶ 15; Suppl. Decl. Vanessa J. Oliva ("Oliva Suppl. Decl.") ¶ 3, ECF No. 16-1.)

Cortez may have been unable to timely include a negligent repair claim against Gardena Nissan in connection with the last repair. However, Cortez fails to explain why she could not have brought—and did not bring—a negligent repair cause of action against Gardena Nissan in connection with the three other alleged repairs already in her Complaint. Cortez's Proposed First Amended Complaint alleges that she "delivered the Vehicle to Defendant Gardena Nissan, Inc. for repair on numerous occasions," implying that Cortez alleges negligent repair related to each time she delivered the Vehicle to Gardena Nissan for repairs. (*See* Proposed FAC ¶ 43.)

9

This factor weighs against joinder because Cortez did not move to amend until one month after removal, and because she could have included the negligent repair cause of action in the Complaint filed nine months earlier. *See Rodriguez v. Volkswagen Grp. of Am., Inc.*, No. 5:24-cv-00632-DSF (SHKx), 2024 WL 3251719, at *3 (C.D. Cal. June 20, 2024) (weighing this factor against joinder where the most recent alleged negligent repair took place after the filing of the complaint, but the original complaint did not include allegations against the dealer related to prior repairs); *Robinson v. Lowe's Home Ctrs., LLC*, No. 1:15-CV-1321-LJO-SMS, 2015 WL 13236883 at *5 (E.D. Cal. Nov. 13, 2015) (weighing this factor against amendment where plaintiff moved to amend 200 days after filing complaint and one month after removal).

### 4. Intent to Seek Joinder

Courts also examine "the motive of a plaintiff in seeking the joinder of an additional defendant." *Khachunts*, 682 F. Supp. 3d at 835 (quoting *Desert Empire Bank v. Ins. Co of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). This factor weighs against joinder if a plaintiff's sole purpose in seeking to amend is to defeat diversity jurisdiction. *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1285–86 (C.D. Cal. 2015). In evaluating motive, courts consider whether the plaintiff was "aware of the removal" at the time the plaintiff sought to amend the complaint. *Clinco*, 41 F. Supp 2d. at 1083. Courts also consider whether the proposed amendment contains only minor or insignificant changes and whether a plaintiff has provided an explanation for adding the non-diverse defendant. *Rodriguez*, 2024 WL 3251719, at *3.

Cortez's Proposed First Amended Complaint does not contain only minor changes—it adds a new cause of action against a new defendant. However, Cortez filed the Proposed First Amended Complaint after this case was removed, meaning she was necessarily aware of the removal. Additionally, as noted, the Court finds her explanation for adding Gardena Nissan at this late date lacking.

Nissan asks the Court to take judicial notice of fifteen complaints filed by Cortez's counsel against it. (Req. Judicial Notice Exs. 1–15, ECF Nos. 14 to 14-15.) Each complaint alleges the same five causes of action and prayer for relief as the Complaint in this case, and none of the complaints asserts a negligent repair claim against a dealer. (*Id*.) As these are judicial records from other cases, the Court **GRANTS** Nissan's Request for Judicial Notice. (ECF No. 14); Fed. R. Evid. 201; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). It is possible that Cortez's counsel had factual or strategic reasons not presented here for leaving out a negligent repair claim against a servicing dealership in these fifteen complaints. It is also possible that Cortez's counsel has filed a similar number of cases including a negligent repair claim against a servicing dealership. Cortez's counsel had every opportunity to contest Nissan's evidence in Cortez's Reply but failed to do so. (*See* Reply.) In fact, in both her Motion and Reply, Cortez does not provide evidence or substantive arguments to support her conclusory assertion that "Nissan inappropriately claims that joinder of the dealer defendant is improper and solely to defeat diversity jurisdiction." (Reply 8–9; *see* Mot. 22–23.) Instead, Cortez argues that the burden for proving fraudulent joinder rests with Nissan and that courts have permitted joinder even where the plaintiff's primary motivation is to defeat diversity jurisdiction. (Mot. 22–23; Reply 8–9.)

The combination of (1) Cortez's delay in moving to amend until after this case was removed, (2) Cortez's unsatisfactory explanation for waiting to add Gardena Nissan as a defendant, and (3) Cortez's counsel's failure to rebut Nissan's evidence of their other cases lead this Court to justifiably suspect that Cortez seeks to join Gardena Nissan to destroy diversity. Accordingly, this factor weighs against joinder.

        5.      *Apparent Validity of Claims Against New Defendant*

"The existence of a facially valid claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Khachunts*, 682 F. Supp. 3d at 836. "A claim is facially valid if it seems valid, which is a lower standard than

what is required to survive a motion to dismiss or motion for summary judgment." *Id.* (internal quotation marks omitted). The claim "need not be plausible nor stated with particularity" to meet this standard. *Id.* However, a plaintiff must still establish the elements of the alleged cause of action against the new defendant. *Id.*

Nissan argues that Cortez's negligent repair claim is not valid because Cortez "provides no facts supporting a claim for negligence" and that in "the absence of factual support," Cortez's negligent repair claim is barred by the economic loss rule, which generally precludes recovery in tort when the damages are only to the product itself. (Opp'n 13.)

As to the negligent repair claim, the "elements of negligence are duty, breach, causation, and damages." *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 840 (C.D. Cal. 2019). In her Proposed First Amended Complaint, Cortez alleges that Gardena Nissan owed a duty to use ordinary case to repair the Vehicle when she delivered it to the dealership for repairs. (Proposed FAC ¶¶ 43–44.) Further, Cortez alleges that Gardena Nissan breached this duty by failing to, among other things, repair the vehicle. (*Id.* ¶ 45.) Finally, Cortez alleges that Gardena Nissan's conduct caused damages. (*Id.* ¶¶ 46–47.) Therefore, Cortez alleges facts sufficient to support a "seem[ingly] valid" claim, all that is required at this stage. *Boren v. Subaru of Am. Inc.*, No. 23-cv-03323-JFW (JCX), 2023 WL 8254467, at *2 (C.D. Cal. July 5, 2023).

As to the economic loss rule, "[f]ederal courts, when analyzing jurisdiction, have found it unclear whether the economic loss rule . . . bars a negligent-repair claim." *Ferrer v. Ford Motor Co.*, No. 2:22-cv-03786-SB (MAAx), 2022 WL 4596649, at *4 (C.D. Cal. Aug. 2, 2022). "District courts in California 'have been virtually unanimous in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim.'" *Andrade v. Ford Motor Co.*, No. 322CV00291RBMMSB, 2023 WL 2586302, at *5 (S.D. Cal. Mar. 20, 2023) (quoting *Reyes*, 2020 WL 7224286, at *7); *accord Adams v. FCA US, LLC*, No. 2:20-cv-06143-SVW (PDx), 2020 WL 5642006, at *2 (C.D. Cal. Sept. 21, 2020).

Accordingly, on the limited record before it, the Court cannot conclude that Cortez's negligent repair claim is foreclosed. *See Marin v. FCA US LLC*, No. 2:21-cv-04067-AB (PDx), 2021 WL 5232652, at *4 (C.D. Cal. Nov. 9, 2021) ("The Court cannot resolve the dispute over the applicability of the economic loss rule to this case in a summary manner.") As Cortez seems to state a valid claim, and as the Court does not find that the economic loss rule bars the claim at this time, this factor weighs in favor of joinder. *See id.*

### 6.  *Prejudice to Plaintiff*

Where denying joinder would cause prejudice to the plaintiff, courts weigh this factor in favor of permitting joinder. *See Khachunts*, 682 F. Supp. 3d at 837. Courts have found prejudice to a plaintiff where denying joinder would require the plaintiff to choose between bringing redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims. *IBC Aviation*, 125 F. Supp. at 1013.

As discussed, Cortez's negligent repair claim against Gardena Nissan shares similar facts and legal theories as her claim against Nissan. Denying joinder would require her to either bring the claim against Gardena Nissan separately in state court or forego it entirely. Thus, Cortez would be prejudiced if the Court were to deny joinder and this factor weighs in favor of permitting Cortez to add Gardena Nissan.

### 7.  *Weighing the Factors*

In weighing these factors, any of them may be decisive, and none are necessary to allow joinder. *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015).

Under the circumstances of this case, the Court weighs heavily Cortez's failure to provide an adequate explanation for her extraordinary long delay in seeking to add Gardena Nissan as a defendant, and that her sole motivation appears to be to destroy diversity jurisdiction. Cortez was aware of Gardena Nissan's potential as a named defendant at the time she filed her initial complaint. Cortez made no effort to add

Gardena Nissan until nine months after she filed the initial complaint and one month following removal, and she makes this request to amend at the same time she seeks to remand this action on other grounds. (*See* Compl.; Mot.) Cortez's counsel has filed at least fifteen nearly identical suits against car manufacturers without also suing the authorized dealership that attempted to repair the allegedly defective vehicle. (*See* Req. Judicial Notice Exs. 1–15.) These glaring circumstances outweigh the factors that may have otherwise favored joinder here.

While the Court recognizes multiple factors weigh in Cortez's favor, the Court also notes that any prejudice Cortez may suffer from denial of her amendment is self-induced. Cortez could have avoided the potential of simultaneously litigating this case against Nissan in federal court and a case against Gardena Nissan in state court by timely adding Gardena Nissan as a defendant. Cortez failed to do so.

As such, the factors on balance weigh in favor of denying joinder. Accordingly, leave to amend is not warranted. *See Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *5 (N.D. Cal. Apr. 26, 2007) (denying leave to amend despite the first, second, fifth, and sixth factors weighing in favor of amendment, because the plaintiff did not explain his delay and his primary motive appeared to be the destruction of diversity jurisdiction).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and Motion for Leave to Amend. (ECF No. 12.) Additionally, the Court **DISCHARGES** its order to show cause why the case should not be remanded for lack of subject matter jurisdiction. (ECF No. 21.) Accordingly, the Court retains jurisdiction over this action.

**IT IS SO ORDERED.**

December 10, 2024

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE